IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KENDALL DEWAYNE HOLLOWAY,**

                       **Plaintiff,**

v.                                                         Case 14-cv-02613-cgc

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL**
**SECURITY,**

                       **Defendant.**

---

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

---

Before the Court is Plaintiff Kendall Dewayne Holloway's Motion for Reconsideration filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Docket Entry "D.E." #28). The parties have consented to the jurisdiction of the Magistrate Judge (D.E. #17), who held a hearing on the Complaint for Review of Decision Denying Plaintiff's Claim for Social Security Disability Benefits on April 10, 2017, affirmed the judgment of the Commissioner, and entered a Final Judgment (D.E. #27). It is this Final Judgment that Plaintiff asks the Court to reconsider based upon an alleged clear error of law.

Plaintiff's Motion for Reconsideration, which Rule 59(e) terms a motion to amend or alter judgment, reasserts his argument that this Court should have concluded that his case presented a mixture of physical and mental impairments, that the Commissioner's application of Social Security Ruling ("SSR") 85-15 was thus inappropriate, and that the case should be

1

remanded for further review. However, Plaintiff's Motion for Reconsideration includes citation to the applicable portion of the Magistrate Judge's oral ruling on the record, which stated as follows:

> MAGISTRATE [JUDGE]: And so essentially this is the tension between whether the ALJ should have used the approach in [SSR] 85-15 as she did or whether she should have used the approach in perhaps [SSR] 83-12 or [SSR] 83-14. In this case, the ALJ consistently used the approach of [SSR] 85-15; in other words, I think at Step Two . . . she states . . . that Mr. Holloway has the following severe impairments: history of traumatic brain injury, tension headaches, degenerative disc disease and anxiety disorder, and that appears to be her Step Two findings, not so much on with regard to the later steps.
> . . . .
> And so I find that the ALJ's approach by electing to view this as a solely nonexertional impairment is supported by the record, because, again, the predominant evidence in the record goes toward the nonexertional impairments of vision and psychiatric [unintelligible] . . . and so, because the approach under [SSR] 85-15 is supported, then there would be no need under the rules for the ALJ to then move on to the decision with regarding to pursuing a vocational expert because this is not the complex situation where there is a blend of exertional and nonexertional impairments.

(Hearing Recording of Magistrate Judge's Oral Ruling at 7:24-12:44). Thus, the Magistrate Judge has already expressly considered and ruled upon the issue presented by Plaintiff.

A motion to alter or amend judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been presented prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Otherwise stated, Rule 59(e) motions "are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). Instead, a motion to alter or reconsider judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial

2

resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6t Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Ltd., Inc.*, 179 F.R.D. 541, 547 (S.D.Ohio 1998)). Here, the instant motion raises the same argument as the Magistrate Judge ruled upon at the hearing on the matter. Thus, a Rule 59(e) motion is not appropriate and must be DENIED.

**IT IS SO ORDERED** this 2nd day of March, 2018.

<u>s/ Charmiane G. Claxton</u>
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE